UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD R. LINDQUIST,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS P. MURPHY and JONATHAN CARROLL,<br><br>        Defendants. | Civil Action No.<br>3:15 - CV - 0870 (CSH)<br><br><br>NOVEMBER 3, 2015 |

**RULING ON VALIDITY OF PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL AND THE PARTIES' PENDING MOTIONS TO DISMISS**

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

*Pro se* plaintiff Richard R. Lindquist is an Associate Professor of Pathology at the University of Connecticut Health Center ("UCHC") and has held that position for decades. Doc. 1 ("Complaint"), ¶¶ 11, 243. On June 8, 2015, he commenced this action against defendants Thomas P. Murphy and Jonathan Carroll, UCHC "Information" officials, alleging that they wrongfully seized his private and personally owned computers, servers, and software he had authored.[1] Plaintiff asserts that these UCHC officials performed the seizure in response to a significant HIPAA breach.[2] *Id.*, ¶¶ 263-74. The breach resulted in UCHC patient information relating to approximately 150 patients

---

[1] According to the Complaint, Thomas P. Murphy is the UCHC Director of Information Security and Jonathan Carroll is the Chief UCHC Information Officer. Doc. 1, ¶¶ 55-65.

[2] "HIPAA" stands for the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, §§ 261–264, 110 Stat.1936 (Aug. 21, 1996).

being placed on a publicly accessible UCHC website via one of Plaintiff's servers on one of Plaintiff's privately owned computers through software he had created. *Id.*, ¶ 4. In particular, the HIPAA breach disclosed that "[b]etween July 10 and July 14 of 2009, about 150 patient standing orders for clinical laboratory tests, which contained patient identifying information[,] were inappropriately added to [Lindquist's] Laboratory Medicine Document Management System." *Id.*, ¶¶ 220-26.

Plaintiff asserts that the HIPAA violation was merely an "excuse" by Defendants to enable them to search his "private enclave" of computers within the UCHC. *Id.*, ¶¶ 2, 7, 66, 459. Plaintiff alleges that the seizure of his private software was undertaken "intentionally, with reckless malice, . . . in order to consolidate [Defendants'] control of internet resources within UCHC." *Id.*, ¶¶ 6-7. Furthermore, Defendants' "destruction or damage to Lindquist's electronic communication services" was undertaken "in furtherance of their tortuous acts." *Id.*, ¶ 505.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights under the First and Fourth Amendments to the United States Constitution.[3] He also brings a variety of other claims, including: violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*; violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; violation of the Privacy Protection Act of 1980, 42 U.S.C. § 2000aa; copyright infringement, 17 U.S.C. § 101, *et seq.*; violations of the Connecticut Constitution for "unreasonable search and seizure" and "prior restraint

---

[3] Under the Fourth Amendment, Lindquist alleges that Defendants performed an "unreasonable search and seizure" of his private computers, servers, files, and software. *See* Doc. 1 ("Complaint"), "First Cause of Action," ¶¶ 262-459. Pursuant to the First Amendment, he alleges that Defendants "burden[ed] [his] free speech rights" through "prior restraint of press" – *i.e.*, prevented him from continuing to publish Path Web, eSynopsis, and eAtlas publications relating to Pathology. *Id.*, "Second Cause of Action," ¶¶ 460-93.

of press," Conn. Const. art. I, §§ 4-5, 7; common law conversion; statutory theft of trade secrets, Conn. Gen. Stat. § 52-564; and violation of the Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-50, *et seq*. In total, Plaintiff's Complaint sets forth eleven counts in 660 paragraphs, comprising 59 pages.[4]

Pending before the Court are two motions: Defendants' "Motion to Dismiss" the Complaint pursuant to Federal Rule 12(b)(6) of Civil Procedure [Doc. 16], requesting that the Court "dismiss this action in its entirety;" and Plaintiff's "Motion to Dismiss Without Prejudice, Or In The Alternative, Permission To Amend Complaint" [Doc. 18]. Between the filing of these two motions, Plaintiff filed a "Notice of Voluntary Dismissal Pursuant to F[ed]. R. C[iv]. P. 41(a)(1)(A)(i)" [Doc. 17]. In this Ruling, the Court will examine the operative effect *vel non* of Plaintiff's notice of voluntary dismissal and then will resolve the pending motions.

## II.   DISCUSSION

### A.   Standard for Voluntary Dismissal Under Fed. R. Civ. P. 41(a)(1)(A)(i)

Federal Rule 41(a)(1) of Civil Procedure permits voluntary dismissal of an action by the plaintiff "without court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Upon the plaintiff's timely filing of said notice, Rule 41(a)(1)(B) provides that: [u]nless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). As the Second Circuit has observed, "[i]n such a case, the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court." *See Youssef v. Tishman Const. Corp.,* 744 F.3d 821, 823-24 (2d Cir.

---

[4] The 660 paragraphs do not include those contained in the prayer for relief, which is set forth in the last 4 ½ of the 59 pages.

2014). *Accord Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir.1999) ("[W]e and other courts have said . . . that a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.").

Furthermore, because a voluntary dismissal is effective upon filing, no court order is technically required. The notice "automatically terminates the action," leaving the parties "as though no action had been brought." *Commercial Space Mgmt. Co.*, 193 F.3d at 1077 (citation and footnote omitted). *See also Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir.1993) (voluntary dismissal is "self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required").

In light of the fact that the notice of voluntary dismissal must precede a defendant's answer or motion for summary judgment, "this rule is intended to establish [ ] a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir.1979). *See also Estate of Sauter v. Citigroup Inc.*, No. 14 Civ. 05812 (LGS), 2015 WL 3429112, at *3 (S.D.N.Y. May 27, 2015) (holding that "[s]ince no answer or motion for summary judgment has been filed, Plaintiff's dismissal without prejudice will not be vacated.").

Furthermore, "[i]t is clear that service of a motion to dismiss under Rule 12(b)(6) does not prevent a plaintiff from filing a 41(a)(1)[(A)](i) voluntary dismissal." *Sequa Corp. v. Gelmin*, No. 91 Civ. 8675 (CSH), 1993 WL 437726, at *1 (S.D.N.Y. Oct. 26, 1993). *See also Santiago v. Victim Servs. Agency*, 753 F.2d 219, 222 (2d Cir.1985) ("We have recognized that Rule 41(a)(1)[(A)](i) means what it says ever since our Court, through Judge Learned Hand, held that a district court is powerless to vacate a voluntary dismissal under the rule even after a motion to dismiss had been

4

filed.") (citations omitted), *abrogated on other grounds*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394-96 (1990) (holding collateral sanctions issue under Rule 11 could be adjudicated after a voluntary dismissal). *See also Magder v. Lee*, No. 14 Civ. 8461 (JFK), 2015 WL 4887551, at *1 n.2 (S.D.N.Y. Aug. 17, 2015) ("Although Defendants had moved to dismiss Plaintiff's claims, they never entered an answer or moved for summary judgment;" and "[t]hus, Plaintiff was still free to unilaterally dismiss the action without a court order.") (citing Fed. R. Civ. P. 41(a)(1)); *Activox, Inc. v. Envirotech Corp.*, 85 F.R.D. 132, 133 (S.D.N.Y. 1980) ("a motion to dismiss the complaint pursuant to Rule 12(b)(6) does not bar plaintiff from voluntarily dismissing its action"); *Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942, 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").[5]

---

[5] Two exceptions to enforcement of a plaintiff's voluntary dismissal notice include: a Rule 12(b)(6) motion to dismiss which must be construed as a Rule 56 motion for summary judgment and a situation involving Rule 11 sanctions. First, the Second Circuit has held that "where a 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served." *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir.1989). In other words, the parties' filing of material outside the pleadings, and the court's consideration thereof, may, under certain circumstances, require the court to construe a motion to dismiss as a summary judgment motion. At that point, a plaintiff's filing of a notice of voluntary dismissal is no longer effective to terminate the case. *See, e.g., Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) ("where a motion to dismiss 'could have been treated as a request for summary judgment,' because matters outside the pleadings have been presented to the court and not excluded, 'the right to voluntary dismissal is extinguished.'") (citing *Yosef*, 876 F.2d at 284, 286).

Second, the United States Supreme Court has held that "Rule 11's language and purposes, and the one supported by the weight of Circuit authority, is that district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395 (1990). In the case at bar, there is neither a summary judgment motion nor a Rule 11 sanctions issue.

**B.     Analysis**

In the case at bar, Defendants have filed no answer or motion for summary judgment; and Plaintiff has filed a notice of voluntary dismissal [Doc. 17]. Granted, twelve days prior to Plaintiff's notice (filed 10/26/2015), Defendants filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. *See* Doc. 16 (filed 10/14/2015). However, as set forth *supra*, a 12(b)(6) motion does not ordinarily bar a plaintiff from voluntarily dismissing his or her action.

In this particular case, Defendants presented no extraneous information or evidence with their Rule 12(b)(6) motion. Instead, they attached relevant case law. *See* Doc. 16-1 ("Caselaw Attachments"), at 63-177. On the face of Defendants' motion to dismiss, the Court finds no grounds upon which to construe the motion as one for summary judgment.[6] As in *Activox, Inc. v. Envirotech Corp.,* 85 F.R.D. 132, 134 (S.D.N.Y. 1980), "at the time plaintiff filed [his] voluntary dismissal, defendants' motion could not have been converted into a motion for summary judgment" because the Court had not examined any outside materials in conjunction with the motion. In this case, not only did Defendants' motion include no affidavits for the Court to consider, Plaintiff had not responded to the motion, much less presented any affidavits or materials for the Court's consideration. Only twelve days had elapsed since Defendants' motion to dismiss was filed when Plaintiff filed his notice of voluntary dismissal.[7] At that time, pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., upon filing his notice of dismissal, Plaintiff was permitted to dismiss his action without

---

[6] *See* n.5, *supra.* The Court also notes that Defendants have not responded to Plaintiff's notice of voluntary dismissal or to his motion to dismiss the action without prejudice per his notice. No response to such pleadings is necessary when a voluntary dismissal ends the case.

[7] *See* D. Conn. L. Civ. R. 7(a) ("all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion").

leave of court and without prejudice.[8]

### III. CONCLUSION

Because Defendants filed no answer or motion for summary judgment, pursuant to Federal Rule 41(a)(1)(A)(i) of Civil Procedure, Plaintiff was within his rights to file a "Notice of Voluntary Dismissal" [Doc. 17]. Accordingly, both pending motions – Defendants' "Motion to Dismiss" the Complaint pursuant to Federal Rule 12(b)(6) of Civil Procedure [Doc. 16] and Plaintiff's "Motion to Dismiss Without Prejudice, Or In The Alternative, Permission To Amend Complaint" [Doc. 18] – are DENIED AS MOOT. As set forth in Plaintiff's notice of voluntary dismissal, the action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close the case.

It is SO Ordered.

Dated:  New Haven, Connecticut
        November 3, 2015

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge

---

[8] Plaintiff, who is *pro se*, wishes to withdraw the present action to "have an opportunity to see if [he] can gather sufficient facts to support fact based, rather than notice based, pleadings and to overcome the state immunity barrier." Doc. [18]-1, at 1. He is also not certain if he wishes to attempt to "assemble those facts needed to make a refiling effort worthwhile considering [his] life priorities and expectancy," given his age of approximately 70 years old. The Second Circuit has stated, however, that the plaintiff's reasons for voluntary dismissal have no effect on the dismissal's validity, one way or another. *See Thorp v. Scarne*, 599 F.2d 1169, 1177 n. 10 (2d Cir.1979) ("One need not be an expert in game theory to conclude that plaintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge."). *See also City of Bridgeport v. U.S. Dep't of Army*, No. 3:09-CV-0532 (CSH), 2009 WL 3254475, at *1 (D.Conn. Oct. 6, 2009) ("The court may not concern itself with the reasons why a plaintiff chose to voluntarily dismiss his complaint.") (citing *Thorp*, 599 F.2d 1177 n.10).